IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Brandon Mckissick,<br><br>　　Plaintiff,<br><br>v.<br><br>City of Chicago, John Dalcason, in his individual capacity and official capacity, and Alain Dillon, in his individual capacity and official capacity,<br><br>　　Defendants. | Case No. 22 C 5392<br><br>Hon. LaShonda A. Hunt |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brandon Mckissick filed this section 1983 action against Defendants John Dalcason and Alain Dillon, the police officers who arrested him, and the City of Chicago, alleging violations of Plaintiff's First, Fourth, Eighth, and Fourteenth Amendment rights. Defendants have moved to dismiss Plaintiff's complaint as time-barred by the statute of limitations and for failure to state a claim on the merits. For the following reasons, Defendants' motion [27] is granted.

## BACKGROUND

On July 20, 2020,[1] Plaintiff was riding as a passenger in his car with two other women, Amanda Palmer and Hannah Soper, and Lee Wheler was driving. (Compl. at 2, Dkt. 11). Wheler stopped at a local fast-food restaurant, and while they were in the drive-thru waiting to order food, an altercation broke out between them and the occupants of the car in front of them. (*Id.*). Following the altercation, Wheler drove away. (*Id.*) When Plaintiff noticed a police car behind them with activated lights, he told Wheler to pull over, and then switched seats with Wheler

---

[1] Plaintiff's Complaint alleges that this incident occurred on July 20, 2021. (Compl. at 2, Dkt. 11). However, Defendants state the correct date is July 20, 2020. (Defs.' Mot. at 1 n.2, 7, Dkt. 27). Plaintiff acknowledges in his reply brief that he was arrested in 2020 not 2021 as originally alleged. (Pl.'s Resp. at 1, Dkt. 30).

1

because "it was [his] car." (*Id.*). Defendant Officers Dalcason and Dillon approached Plaintiff's car with their guns drawn and instructed all occupants to put their hands up and exit the vehicle. (*Id.*). Plaintiff feared that he would be shot. (*Id.*).

Officer Dalcason pulled all passengers except Plaintiff from the car, handcuffed them, and allegedly started assaulting them. (*Id.* at 3). Officer Dillon handcuffed Plaintiff while he was still in the driver's seat and instructed Plaintiff to exit the vehicle through the passenger side. (*Id.*). After Plaintiff said something about the officers mistreating the other passengers, Officer Dillon "grabbed the [P]laintiff by his dreads and pulled [him] out of the car." (*Id.*). Upon exiting the vehicle, Plaintiff tripped and fell to the ground. (*Id.*). While Plaintiff was on the ground, other officers made Officer Dillon stop pulling Plaintiff's dreads. (*Id.*). According to Plaintiff, all the officers then started assaulting him and Officer Dillon pulled out half of Plaintiff's hair, causing him pain. (*Id.*). Plaintiff states that his religion prohibits anyone from touching his hair. (*Id.*). Officers Dillon and Dalcason took Plaintiff to the police station, where he requested medical attention. (*Id.*). Plaintiff states that Officers Dillon and Dalcason "hogtied" him and "drug [him] into the station." (*Id.*). Although Plaintiff was arrested and allegedly assaulted by the Defendant Officers in July 2020, he did not bring these constitutional claims under 42 U.S.C. § 1983 until November 2022.

## LEGAL STANDARD

Rule 12(b)(6) states that a complaint may be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). For purposes of analyzing a motion to dismiss, facts that are well-pled must be accepted by the court as true, and all reasonable inferences must be drawn in the plaintiff's favor. *White v. United Airlines, Inc.*, 987 F.3d 616, 620 (7th Cir. 2021). However, the court need not accept legal conclusions as true. *Bell Atl. Corp. v. Twombly*, 550 U.S.

2

544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). And a claim must be facially plausible to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A complaint may also be dismissed if the claims alleged are time-barred by the applicable statute of limitations. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). Although "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss . . . [an] exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

## DISCUSSION

Congress has not established a statute of limitations for cases brought pursuant to 42 U.S.C. § 1983. *Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993). The applicable statute of limitations in a section 1983 action is the same limitations period for personal injury claims brought in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Illinois, the statute of limitations for personal injury claims is two years. 735 ILCS 5/13-202 (West 2016). Therefore, plaintiffs have two years to file a section 1983 action in federal court in Illinois. *Licari v. City of Chi.*, 298 F.3d 664, 667-68 (7th Cir. 2002). Such claims "accrue when the plaintiff knows or should have known that his constitutional rights were violated." *Id.* at 668.

Because the events Plaintiff complains of here occurred during his arrest on July 20, 2020, his constitutional claims accrued on that same date and the two-year clock to bring them began to run. But Plaintiff waited about two years and four months before filing this lawsuit in November 2022. Plaintiff acknowledges in his response brief that the statute of limitations had indeed run by

then. (Pl.'s Resp. at 4, Dkt. 30). Nevertheless, he argues that Defendants should be equitably estopped from raising a statute of limitations defense because evidence was allegedly withheld from him in his underlying criminal case stemming from his July 2020 arrest. (*Id.* at 4-6).

Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time . . . ." *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). It involves "efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception," timely filing of the lawsuit. *Id.* Equitable estoppel traditionally requires: "(1) misrepresentation by the party against whom estoppel is asserted, (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *LaBonte v. U.S.*, 233 F.3d 1049, 1053 (7th Cir. 2000). When a case is brought against the government, in addition to these requirements, a plaintiff must show affirmative misconduct by the government. *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992). Affirmative misconduct requires more than mere negligence; it requires "an affirmative act to misrepresent or mislead." *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). Further, it is "implicit in the doctrine that the conduct alleged as the basis for the estoppel have been the cause of the plaintiff's not suing in time." *Flight Attendants Against UAL Offset (FAAUO) v. Comm'r of Internal Revenue*, 165 F.3d 572, 576-77 (7th Cir. 1999). "The party asserting estoppel bears the burden of proof." *Kennedy*, 965 F.2d at 471.

Plaintiff has failed to meet his burden of alleging grounds for equitable estoppel to apply against Defendants. Following his July 2020 arrest, criminal proceedings were initiated against Plaintiff in the Circuit Court of Cook County, Illinois. (Defs.' Mot. at Ex. 1, Dkt. 27-1).[2] Plaintiff asserts that "key . . . audio video evidence" was withheld from him in the underlying criminal case

---

[2] The Court takes judicial notice of the Certified Statement of Conviction/Disposition pursuant to Federal Rule of Evidence 201(c)(2).

4

until 2021 and his attorney told him he could not file suit without that information. (Pl.'s Resp. at 5, Dkt. 30). Plaintiff insists that the "[t]he state['s] attorney[] and officers all had knowledge that the body camera footage would prove these officers violated [his] clearly established rights." (*Id.* at 4).

But assuming those statements are true, they do not establish that withheld evidence caused Plaintiff to file an untimely complaint. As an initial matter, Plaintiff does not actually allege that either of the Defendants here—the Officers or City—withheld evidence. Rather, he accuses the "courts" and the "state attorney." (*Id.* at 5). And he does not cite any legal authority to suggest that their alleged actions should be imputed to Defendants. More importantly, Plaintiff has not explained why he did not or could not file suit after receiving this evidence in 2021 but before the statute of limitations expired in 2022.

Defendants cite *Rosado v. Gonzalez*, which is directly on point. 832 F.3d 714 (7th Cir. 2016). There, the plaintiff brought a section 1983 action against the City of Chicago and Chicago police officers after he was pulled over for failing to use a turn signal and arrested when the officers claimed to see a badge, handcuffs, and handgun in his vehicle during the stop. *Id.* at 715-16. More than a year after his arrest, the plaintiff received dash cam video demonstrating that he had in fact used his turn signal. *Id.* at 715. Even though the plaintiff received this evidence seven months before the statute of limitations expired, he waited until after the statute of limitations expired to sue. *Id.* at 715-17. The Seventh Circuit affirmed the district court's dismissal of the section 1983 claim as time-barred, holding that "[i]n the absence of some allegation that Defendants continued to obstruct his ability to file his suit, or that seven months was insufficient time to file a complaint," plaintiff was unable to demonstrate the defendants prevented timely filing of the complaint. *Id.* at

717. At most, Defendants' conduct delayed filing, but that was not enough to find the plaintiff was entitled to assert equitable estoppel. *Id.*

The same rationale applies here. Plaintiff admits he received the evidence "a year later 2021." Even assuming that Plaintiff means December 31, 2021, that still gave him several months to bring suit before the statute of limitations expired in July 2022. Just as in *Rosado*, Plaintiff does not explain why seven months was an insufficient amount of time to pursue his claims and he has made no allegations that Defendants further prevented his timely filing. Therefore, equitable estoppel does not bar Defendants' statute of limitations defense.

## CONCLUSION

Because the statute of limitations has run on Plaintiff's claims, the Court need not address the remaining arguments in Defendants' Motion to Dismiss. For the foregoing reasons, the motion to dismiss [27] is granted and the complaint [11] is dismissed with prejudice.

Dated: January 29, 2024					ENTERED:


						LaShonda A. Hunt
						United States District Judge